UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JONATHAN CORDOBA,

                                  Plaintiff,                  Index No.: 24-CV-15

      -against-                                 **COMPLAINT**

CORRECTION OFFICER A. RODRIGUEZ,        Plaintiff Demands Trial by Jury
CORRECTION OFFICER K. BARNES,
CORRECTION OFFICER L. MALDALEZ,
CORRECTION OFFICER ATKINS,
CORRECTION SERGEANT W. RODRIGUEZ, and
CORRECTION SERGEANT JOHN DOE,

                                  Defendants.
------------------------------------------------------------------X

Plaintiff, JONATHAN CORDOBA, by and through his attorney, Alexis G. Padilla, Esq., complaining of the defendants, CORRECTION OFFICER A. RODRIGUEZ ("RODRIGUEZ"), CORRECTION OFFICER K. BARNES ("BARNES"), CORRECTION OFFICER L. MALDALEZ ("MALDALEZ"), CORRECTION OFFICER ("ATKINS"), CORRECTION SERGEANT W. RODRIGUEZ ("SGT. RODRIGUEZ"), and CORRECTION SERGEANT JOHN DOE, upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, JONATHAN CORDOBA, seeks relief for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Eighth Amendment to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

**JURISDICTION AND VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Eighth Amendment to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the Southern District of New York.

**JURY TRIAL DEMANDED**

4. Plaintiff demands a trial by jury on each and every one of his claims as pleaded

**PARTIES**

5. Plaintiff is a United States citizen of full age.

6. Defendant CORRECTION OFFICER A. RODRIGUEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York State Department of Correction and Community Supervision ("DOCCS"), an agency of the State of New York. At all times relevant herein, defendant RODRIGUEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and DOCCS, in the course and scope of their duties and functions as an officer, agent, servant and employee of the State of New York, was acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

7. Defendant CORRECTION OFFICER K. BARNES was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York State

Department of Correction and Community Supervision ("DOCCS"), an agency of the State of New York. At all times relevant herein, defendant BARNES acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and DOCCS, in the course and scope of their duties and functions as an officer, agent, servant and employee of the State of New York, was acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

8. Defendant CORRECTION OFFICER L. MALDALEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York State Department of Correction and Community Supervision ("DOCCS"), an agency of the State of New York. At all times relevant herein, defendant MALDALEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and DOCCS, in the course and scope of their duties and functions as an officer, agent, servant and employee of the State of New York, was acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

9. Defendant CORRECTION OFFICER ATKINS was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York State Department of Correction and Community Supervision ("DOCCS"), an agency of the State of New York. At all times relevant herein, defendant ATKINS acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and DOCCS, in the course

3

and scope of their duties and functions as an officer, agent, servant and employee of the State of New York, was acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

10.     Defendant CORRECTION SERGEANT W. RODRIGUEZ was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York State Department of Correction and Community Supervision ("DOCCS"), an agency of the State of New York. At all times relevant herein, defendant SGT. RODRIGUEZ acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and DOCCS, in the course and scope of their duties and functions as an officer, agent, servant and employee of the State of New York, was acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and was otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

11.     Defendant CORRECTION SERGEANT JOHN DOE was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York State Department of Correction and Community Supervision ("DOCCS"), an agency of the State of New York. At all times relevant herein, defendant SGT. JOHN DOE acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and DOCCS, in the course and scope of their duties and functions as an officer, agent, servant and employee of the State of New York, was acting for, and on behalf of, and with the power and authority vested in them by the State of New York and DOCCS, and was otherwise performing

and engaging in conduct incidental to the performance of their lawful function in the course of their duty. They are sued individually and in their official capacity.

## STATEMENT OF FACTS

12. On or about October 14, 2022, and at all times relevant to this Complaint, plaintiff JONATHAN CORDOBA was in the custody of the New York State Department of Corrections and Community Supervision housed at Sing Sing Correctional Facility.

13. At approximately 8:30 P.M., in the vicinity of the A-Block housing area, plaintiff engaged in a minor verbal dispute with defendant SGT. W. RODRIGUEZ.

14. Shortly thereafter, plaintiff was approached by defendants RODRIGUEZ, BARNES, MALDALEZ and ATKINS who, upon information and belief, acted at the direction of SGT. RODRIGUEZ.

15. The defendant officers followed plaintiff into his cell and placed him in handcuffs so tight that plaintiff was immediately in pain.

16. Plaintiff immediately stated that the handcuffs were too tight instead of loosen the cuffs, the defendants proceeded to strike plaintiff repeatedly about the head and body with their hands and fists.

17. Once the initial assault on plaintiff was over, plaintiff was transported to the infirmary.

18. When he arrived at the infirmary, plaintiff was confronted by additional officers, including defendant SERGEANT JOHN DOE.

19. Defendant JOHN DOE instructed the medical professionals in the infirmary to leave the room and then instructed defendants RODRIGUEZ, BARNES, MALDALEZ and ATIKINS to assault plaintiff again.

20. Defendants RODRIGUEZ, BARNES, MALDALEZ and ATKINS then proceeded to assault plaintiff for a second time by kicking and punching him continually about the head and body for approximately 1 minute.

21. During the two assaults that plaintiff suffered at the hands of the defendants, plaintiff did suffer a broken nose, a deep laceration about his right eye, a broken front tooth, severe pain in his right shoulder and several lacerations to his wrists from the extremely tight handcuffs.

22. Plaintiff was eventually transported to Westchester Medical Center for treatment.

23. When he was returned to Sing Sing he was placed in solitary confinement.

24. Plaintiff asserts that while confined to solitary confinement he intended to file a grievance related to the assaults that he endured but was denied access to writing materials.

25. Upon information and belief, officers assigned to the solitary confinement unit at Sing Sing purposely denied plaintiff writing materials to prevent him from filing a grievance related to the assaults described herein.

26. As a result of being denied writing materials, plaintiff was unable to file a grievance related to abuse that he endured at the hands of the defendants.

27. As a result of the defendants' unnecessary and illegal use of force, plaintiff did suffer serious physical injury, disfigurement, emotional distress, mental anguish and the violation of his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

**AS FOR A CAUSE OF ACTION**

*Excessive Force as against all defendants in violation of the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983*

28. Plaintiff repeats, reiterates and re-asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

29. At all times during the events described above defendants RODRIGUEZ, BARNES, MALDALEZ, ATKINS and SERGEANTS RODRIGUEZ and JOHN DOE, lacked probable cause to use or authorize the use of force against plaintiff.

30. All of the aforementioned acts of defendants were carried out under the color of state law.

31. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Eighth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by defendants in their capacity as correction officers, with all actual and/or apparent authority afforded thereto.

33. At all times relevant to this complaint, each defendant had a meaningful opportunity to observe the illegal use of force by their fellow officers and each defendant failed to intervene.

34. The acts complained of resulted in injury to plaintiff.

35. The acts complained of deprived plaintiff of his right to be free from cruel and unusual punishment.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  January 2, 2024
    New York, NY

By:   */s/Alexis G. Padilla*
    Alexis G. Padilla, Esq. [AP7400]
    *Attorney for Jonathan Cordoba*

378 Lewis Ave. #6
Brooklyn, NY 11233
(917) 238-2993
alexpadilla722@gmail.com

8